TUCKER BROS. MFG. CO. v. DALLAS MACHINE & TOOL CO. et al.

(District Court, N. D. Texas, Dallas Division. February 28, 1923.)

No. 2954–212.

1. Patents ⬅➡328—1,411,391, 1,422,637, and 1,424,530, held valid, and claims 1–3 of the first patent and claims 1, 2, of the third patent infringed.

Patents Nos. 1,411,391, 1,422,637, and 1,424,530 *held* valid and not anticipated by any prior patents, and claims 1 and 2 of patent No. 1,411,391, and claims 1 and 2 of patent No. 1,424,530 infringed by one of defendant's devices, and claim 3 of 1,411,391 infringed by another device of defendant's.

2. Patents ⬅➡322—Reference to master for accounting unnecessary, in absence of showing larger profits would be disclosed.

Under equity rule 59 (198 Fed. xxxv, 115 C. C. A. xxxv), providing that, save in matters of account, a reference to a master shall be the exception and not the rule, a prayer for an accounting in a suit for infringement of a patent will not be granted, where the meager evidence produced at the hearing before the court justifies only a judgment for nominal damages, and there is no showing of reason to believe that an account would discover a larger amount of profit as having been made by the respondent.

In Equity. Suit by the Tucker Bros. Manufacturing Company, a copartnership comprising Jesse D. Tucker and others, against the Dallas Machine & Tool Company, a corporation, and others for infringement of a patent. Decree rendered for plaintiff.

J. J. Eckford, of Dallas, Tex., and Webster, Webster & Blewett, of Stockton, Cal., for plaintiffs.

W. B. Hamilton and E. Levy, both of Dallas, Tex., for defendants.

ATWELL, District Judge. This is a case brought by plaintiff, alleging the infringement by defendants, of United States letters patent Nos. 1,411,391, 1,422,637, and 1,424,530, and each of the claims thereof, which patents are owned by the plaintiff. Defendants appeared by answer, denying infringement and attacking the validity of the patents and the claims thereof, and each of them, setting up four prior United States patents, namely, Nos. 1,348,517, 650,753, 809,402, and 320,392, as anticipating the invention shown, described, and claimed in plaintiff's patents aforesaid.

[1] It was admitted at the trial that defendants had been manufacturing a device of the same construction as shown in Plaintiff's Exhibit K, and that they also manufactured and sold, and are now manufacturing and selling, a device of the same construction as shown in Plaintiff's Exhibit J. Plaintiff's Exhibit K shows a washer having a central orifice and a slot cut from the outside of the washer and connecting with the central orifice; the width of the slot being less than the diameter of the central orifice. This construction is clearly defined in claims 1 and 2 of plaintiff's patent, No. 1,411,391, and, if said claims are valid, constitutes an infringement thereof. This device, further, has a cut in its periphery opposite the slot and to a point short of the adjacent outer edge, this being a cut similar to that shown by the nu-

⬅➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

meral 4 in Figure 1 of the plaintiff's patent No. 1,424,530, and defined in both claims of said patent. This structure of Plaintiff's Exhibit K, therefore, also infringed both claims of patent No. 1,424,530, if valid.

Plaintiff's Exhibit J shows a substantial U-shaped washer, having a sharp burr or down-turned edge in its periphery. This is shown in the drawings and specifications of plaintiff's patent No. 1,411,391, and is defined in claim 3 thereof, and therefore such structure constitutes an infringement of said claim, if valid. The U-shaped washer offered by the defendants, which showed no down-turned edge or burr in its periphery, but had a smooth, uninterrupted surface, is not, in the opinion of this court, an infringement of plaintiff's patents.

From the evidence adduced at the trial, the court is of the opinion that all the claims of each of the plaintiff's patents are valid, and not anticipated by any of the prior patents relied upon by defendants, and therefore the court finds that the device shown in Plaintiff's Exhibit K infringes claims 1 and 2 of patent No. 1,411,391, and claims 1 and 2 of patent No. 1,424,530, and that the device shown in Plaintiff's Exhibit J infringes claim 3 of plaintiff's patent No. 1,411,391. As defendants admit the manufacture of the device shown in Exhibit K and the manufacture and sale of the device shown in Exhibit J., plaintiff is therefore entitled to a decree, enjoining them from further making, selling, or using the same.

[2] On the question of damages, the court is of the opinion, from the meager evidence produced, that it would not be warranted in referring the matter to a master, and that a judgment for nominal damages against the defendants is all that is justified by the evidence, and therefore fixes the amount of said damages at the sum of $15. Under rule 59 (198 Fed. xxxv, 115 C. C. A. xxxv), which relates to the appointment of and reference to a master, I conceive that, in the absence of some showing by the complainant that there is reason to believe that an accounting would discover a larger amount of profit as having been made by the respondent than the testimony at the trial indicated, it seems that such expense should be avoided, and I think this latitude is given under the rule mentioned, even though the old rule, relating to such matters, might not have given the court the right to refuse the appointment of a master when an accounting was prayed. The first sentence of rule 59, which is new, reads as follows:

"Save in matters of account, a reference to a master shall be the exception, and not the rule. and shall be made only upon a showing that some exceptional condition requires it."

The remainder of rule 59 contains the substance of old rule 74.
Decree will be entered accordingly.